# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LUIS MANUEL GOMEZ-RODRGUEZ,**

    **Petitioner,**

**v.**                                                       **Civil Action No.: 3:22-CV-204**
                                                                  **(GROH)**

**WARDEN WOLF,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On December 5, 2022, Petitioner, an inmate incarcerated at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding his calculation of sentence and placement at Gilmer. ECF No. 1.[1]  On January 17, 2023, Petitioner paid the filing fee. ECF No. 8.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:22-CV-204, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner raises two grounds for relief: (1) that he is being denied FTC credit because he is listed as having a detainer; and (2) that FCI Gilmer refuses to transfer him to a lower security level facility within 500 miles of his home. ECF No. 1 at 5 – 6. Petitioner contends that he attempted to present the facts in relation to his petition to the prison's internal grievance procedure and the Bureau of Prisons (BOP), but asserts that FCI Gilmer "refuse[d] to answer" and that he received "no answer" from the BOP. Id. at 7 – 8. In support of his claims that he attempted to exhaust his administrative remedies, petitioner directs the court to "see exhibits". Id. at 8. However, a review Petitioner's pleadings shows that he did not attach any exhibits to his petition.

For relief, Petitioner asks for the Court to: (1) order FCI Gilmer to award him FTC credit; and (2) order FCI Gilmer to transfer him to a low security facility. Id. at 8.

Following the January 18, 2023, issuance of an order to show cause, the Respondent file a response on February 15, 2023. ECF No. 11. Therein, Respondent argues Petitioner is not entitled to relief because: (1) Petitioner failed to exhaust his administrative remedies prior to filing is habeas corpus petition; (2) Petitioner is not entitled to earn time credits under the first step act based on his crime of conviction, which was possession of a firearm in furtherance of a drug trafficking crime; and (3) Petitioner has no liberty interest in the location of his confinement under controlling precedent.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

> of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

C.   **Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

D.   **Exhaustion of Administrative Remedies**

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[3] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[4] remedies: (1) an informal resolution (BP-8)[5]; (2) an administrative remedy at the facility

---

[3] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[4] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

[5] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;
7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

(BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

## IV.   ANALYSIS

### A.   Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided

in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner contends that he attempted to exhaust his administrative remedies, but both the institution and the Bureau of Prisons failed to respond to his grievances. Despite referencing exhibits which he contends would demonstrate the veracity of his claims, Petitioner did not submit any records to demonstrate that he took any steps to exhaust the four-tiered administrative remedy process established for exhaustion of administrative remedies. Moreover, The Bureau of Prisons has no record of any attempts by petitioner to file BP-8, BP-9, BP-10, BP-11 or otherwise as to the issues raised in his § 2241 petition. ECF No. 11-1.

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.

6

> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Although it is possible that Petitioner attempted to file an administrative remedy at FCI Gilmer, he has provided no documents to support this claim. The undersigned recognizes that proving a negative event can be difficult. However, Petitioner claims that he attempted to file his administrative remedies and references exhibits which would demonstrate the same, but failed to file those exhibits with his petition. ECF No. 1 at 8. By contrast, Respondent provided as an exhibit, documents from the BOP which show Petitioner previously filed five separate administrative remedies, none of which are related to the claims in the instant petition for habeas corpus. ECF number 11-1.

In addition, Petitioner never asserts that he requested administrative remedy forms, or was denied those forms. Although Petitioner claims he did not administratively exhaust his claims because he did not receive a response to his grievances, Petitioner does not submit a copy of those alleged grievances. Further, petitioner fails to allege that he ever attempted to obtain or file an administrative remedy by filing BP-8, BP-9, BP-10, and BP-11 administrative remedy forms which are required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq., Or was denied access to those forms. Accordingly, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust.

Accordingly, it appears that Petitioner has failed to exhaust all administrative remedies available to address his sentence calculation and appropriate credits. Although

7

such a failure to exhaust may be excused for cause and prejudice, Petitioner has not demonstrated either cause or prejudice. The petition does not allege that Petitioner was denied access to the forms necessary to file administrative remedies, or that staff failed or refused to submit those forms once prepared by Petitioner. The petition broadly claims that Petitioner never received a response to file grievances. The BOP has no record of such administrative remedies ever being filed by Petitioner as to the issues presented in his petition, despite his proven ability to file five prior grievances regarding unrelated issues. ECF No. 11-1.

Because Petitioner appears to have failed to exhaust his administrative remedies prior to filing this action, this court is without jurisdiction to consider the merits of the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### B. Petitioner's First Claim for Relief: Petitioner is Ineligible to Earn Federal Time Credits

Even if Petitioner had exhausted his administrative remedies, he is still not entitled to relief on the merits. Petitioner claims he is denied eligibility to earn FTC credits because he is listed as having a detainer. ECF No. 1 at 5. Respondent argues that Petitioner is ineligible to earn FTC credits because of the crime of his conviction. ECF No. 11 at 3.

Pursuant to the First Step Act, specifically, 18 U.S.C. § 3632(d)(4), prisoners, except for an ineligible prisoner under subparagraph (D), are entitled to earn Federal Time Credits (FTC). Eligible prisoners "shall earn up to 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction" (EBRR)

programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, a "prisoner determined by the [BOP] to be at minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

However, subparagraph (d)(4)(D) limits eligibility to earn time credits, and provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for conviction under any of the following provisions of law". There are sixty-eight subparagraphs of the statute that limit a prisoner's eligibility to earn FTC credits. 18 U.S.C. § 3632(d)(4)(D)(i) through 18 U.S.C. § 3632(d)(4)(D)(lxviii). Pursuant to 18 U.S.C.A. § 3632(d)(4)(D)(xxii), a prisoner is ineligible to earn FTC credits if he was convicted of a violation of 18 U.S.C. § 924(c), "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." A review of the Petitioner's judgment in the criminal case 15-CR-566-1, from the Eastern District of Pennsylvania, shows that Petitioner was convicted of possession of a firearm in furtherance of a drug trafficking crime as charged in count 2 the indictment in that case. ECF No. 11-1 at 9. Accordingly, under the plain language of 18 U.S.C.A. § 3632(d)(4)(D)(xxii), Petitioner is ineligible to earn FTC credits, and his request for recalculation to include such credits is without merit. Thus, Petitioner's first claim that he is entitled to such credits is without merit and should be denied.

    C.    **Petitioner's Second Claim for Relief: Location of Incarceration and Custody Classification are Not Properly Considered under § 2241.**

As with his first claim, even if he had exhausted his administrative remedies, Petitioner is not entitled to relief on the merits related to his second claim regarding the

9

location of his incarceration. Petitioner challenges his prison conditions, and asserts that he has been improperly denied transfer to a facility closer to his home. ECF No. 1 at 5. For relief from this ground, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order the Bureau of Prisons to transfer him to another facility. ECF No. 1 at 8.

To the extent that Petitioner contends that the BOP, acting through its administration or through FCI Gilmer, failed to properly determine his facility placement, or custody classification, his petition fails because neither the fact nor the length of his confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241. As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,[6] and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[7]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will

---

[6] Federal prisoners may file a petition under § 2241 to challenge the fact or duration of confinement.

[7] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983, so that in limited circumstances individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Egbert v. Boule, 142 S.Ct. 1793 (2022).

not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted). Further, in Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017), the Fourth Circuit found a petitioner's challenge to his transfer to a higher security institution "was not a cognizable 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration."

Other Courts of Appeal have similarly held that prisoners have no constitutional right to placement in any particular institution or custody classification. Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir.1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, ..., [or] to receive a particular security classification....") (citing Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2537 (1976), Moody v. Daggett, 429 U.S. 78, 87 n.9, (1976); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.") (Citing Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992)).

In an unpublished per curiam opinion the Fourth Circuit affirmed that an inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all."[8] Brown v. Ratledge, No. 7-16-

---

[8] The district court more fully explained that:

A prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility. *See Wolters v. Fed. Bureau of Prisons*, 352 Fed.Appx. 926, 928 (5th Cir. 2009) (citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)). Classification of inmates is an administrative function, and prison officials can change an inmate's classification for almost any reason or no reason at all. *See Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989); *Wolters*, 352 Fed.Appx. at 928; *Mendoza v. Lynaugh*, 989 F.2d 191, 194 n. 4 (5th Cir. 1993). Therefore, the court concludes that Brown's allegations do not state a due process violation.

11

CV-00303, 2017 WL 4404248, at *7 (W.D.Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted).

In his claim under Ground 2, it is clear that Petitioner does not attack, nor are his claims related in any way to, the execution of his sentence. He does not challenge the validity of his confinement or seek speedier release from confinement. Instead, he complains about his placement at FCI Gilmer at a higher custody classification level, instead of a low custody BOP facility.[9] Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his second ground for relief must be dismissed.

Further, to the extent that Petitioner alleges that the BOP improperly designated him to a facility more than 500 driving miles of his residence[10], the same is not cognizable in a habeas petition. The Fourth Circuit has held that a petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus." Wilborn v. Mansukhani, 795 F. App'x 157, 164 (4th Cir. 2019).

---

Brown v. Ratledge, 2017 WL 4404248, at *7.

[9] Petitioner does not cite to any authority for his claim. A review of the Department of Justice website reveals a program for "International Prisoner Transfers", Justice Manual, Title 9, Section 9-35.000. https://www.justice.gov/jm/jm-9-35000-international-prisoner-transfers.

[10] Pursuant to 18 U.S.C.A. § 3621(b):

The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

12

Because the issue raised by Petitioner in Ground 2 is the BOP's refusal to transfer him, which is not appropriate for disposition through a § 2241 proceeding, Ground 2 should be dismissed for failure to state a claim upon which relief may be granted. To the extent that Petitioner contests his custody classification and seeks a lower custody classification, the issue is also inappropriate for disposition in a § 2241 proceeding because a challenge to custody classification contests the conditions of confinement, not the fact or duration of confinement. Custody classification issues are within the purview of the BOP, and are improperly considered for review in a § 2241 proceeding. Accordingly, Petitioner's second claim is not appropriate in a § 2241 proceeding, even if this Court had subject matter jurisdiction.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:    August 9, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE